In the Supreme Court of Georgia

Decided: June 6, 2016

S16A0230. CLARK v. THE STATE.

MELTON, Justice.

Following a jury trial, Joshua Clark appeals his convictions for the felony

murder of Jermaine McNeil and possession of a firearm during the commission

of a felony.[1] Clark contends that he received ineffective assistance of counsel

and that the trial court omitted a necessary jury instruction. For the reasons set

forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that

McNeil and Clark knew each other for years and often fraternized with the

[1] On April 24, 2009, Clark was indicted in Fulton County for the malice murder, felony murder, and aggravated assault of McNeil, as well as possession of a firearm during the commission of a felony. Following a jury trial ending on July 14, 2011, Clark was found guilty of all charges except malice murder. The trial court sentenced Clark to life imprisonment for felony murder with five consecutive years for the firearm possession charge. The charge for aggravated assault was merged for purposes of sentencing. On August 1, 2011, Clark filed a motion for new trial and amended it on December 6, 2013. The trial court denied the motion on October 20, 2014. Following a timely filed notice of appeal and the payment of costs, Clark's appeal was docketed to the January 2016 Term of this Court and submitted for decision on the briefs.

same group of friends. The two men had disagreements in the past, and, a few months before the murder, they were involved in an altercation over a game of dice. The day after this argument, Clark told Jermaine Quaynor that he was going to kill McNeil. On January 24, 2009, McNeil, Clark, Quaynor, Dequavis Booker, and J.V. Staples were socializing at an apartment complex. That evening when Clark was leaving the apartment, McNeil followed him to the parking lot. Clark maintained that McNeil was harassing him to loan or give McNeil money. Clark further testified that McNeil attempted to rob him, and, therefore, he shot McNeil in self-defense.

At trial, Quaynor testified that he witnessed the altercation in the parking lot and that Clark and McNeil were circling around a car. Clark had a gun, but McNeil was unarmed. Quaynor recounted that Clark raised his gun and pointed it at McNeil, and, at that time, Quaynor pled with Clark not to shoot. Clark pulled the trigger, but the gun jammed. Clark then pulled the trigger a second time, and the gun fired. The bullet struck McNeil in the head, killing him. Evidence showed that McNeil was standing at least a car length away from Clark at the moment McNeil was shot. Clark then ran from the scene, throwing his gun into some bushes as he did so.

Eddie Rainey, the apartment complex's maintenance man, saw McNeil and Clark conversing in the parking lot just before the murder. Rainey spoke with them briefly, and he testified that they were not arguing at that time. After Rainey walked away, he heard a gunshot. Rainey returned to the spot where the men had been and saw McNeil lying on the ground. No one else was present. Rainey then called 911. When police arrived, McNeil was unresponsive.

This evidence was sufficient to enable the jury to find Clark guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 570) (1979).

2. Clark contends that trial counsel rendered ineffective assistance of counsel by (a) failing to object to alleged comments on Clark's pre-arrest silence made by the State during its closing argument; (b) failing to impeach Rainey with evidence of two prior felony convictions; and (c) failing to present certain evidence at trial.

> In order to succeed on his claim of ineffective assistance, [Clark] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to

3

examine the other prong. Id. at 697 (IV); <u>Fuller v. State</u>, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.'[Cit.]" <u>Robinson v. State</u>, 277 Ga. 75, 76 (586 SE2d 313) (2003).

<u>Wright v. State</u>, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) Clark contends that, pursuant to <u>Mallory v. State</u>, 261 Ga. 625, 629-30 (409 SE2d 839) (1991),[2] his trial counsel rendered ineffective assistance by failing to object to alleged comments on his pre-arrest silence made by the prosecutor. The record shows that, in closing arguments, the prosecutor remarked about Clark's behavior immediately following the shooting and Clark's explanation for the shooting. First, the prosecutor argued about the defendant's contention that he had no duty to retreat, stating:

> And they talk about this defendant [and argue] he don't have to retreat. He knew how to retreat when he put that bullet in [the victim's] head. The evidence wasn't that he stood there with a gun saying[, "]Oh my God[,] he tried to attack me. Officers[,] please.["]

---

[2] As we noted in <u>State v. Sims</u>, 296 Ga. 465, 469 (2) (a) (769 SE2d 62) (2015):

> <u>Mallory</u> was decided not on constitutional grounds but rather based on former OCGA § 24–3–36. See <u>Mallory</u>, supra, 261 Ga. at 630. . . . We express no opinion about the continuing validity of <u>Mallory</u> under the new Evidence Code.

(Citation omitted.) Id. at 471 (3).

4

> There was no evidence that he was even there so he knows how to retreat. . . . He fled like a coward and came in [here] today, two years later, with a story that centers around all the evidence.

Then, the prosecutor further questioned Clark's testimony that McNeil was trying to steal his money, stating that "the fact that [Clark] was being robbed, that's the first we ever heard of that." The prosecutor contended that Clark invented this story to cover his crime. As found by the trial court, the prosecutor's comments, when viewed in their full context, were not comments on Clark's pre-arrest silence. Instead, the prosecutor emphasized that Clark immediately fled the scene, which Clark, himself, testified to on direct examination. In addition, the prosecutor appropriately questioned the veracity of Clark's testimony that he was forced to shoot McNeil in self-defense. As the prosecutor's comments were not objectionable for the reasons Clark now contends, his trial counsel did not render ineffective assistance by failing to make this meritless objection to the comments. See, e.g., Bradley v. State, 292 Ga. 607 (5) (740 SE2d 100) (2013).

(b) Clark argues that trial counsel rendered ineffective assistance by failing to impeach Rainey with evidence of two prior armed robbery convictions– one from 1980 and one from 1987. Under former OCGA §

5

24-9-84.1 (a) (1),[3] which is applicable to this case, prior felony convictions could be used to impeach a witness if the trial court determined that the probative value of admitting the evidence outweighed its prejudicial effect to the witness. Id. Subsection (a) (3) permitted the use of any conviction for a crime involving dishonesty or making a false statement. Subsection (b) governed the use of convictions that, like Rainey's, were more than ten years old, and required the trial court to determine, "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweigh[ed] its prejudicial effect."[4]

At the motion for new trial hearing, Clark merely introduced copies of the prior convictions. He did not make any argument or showing that the probative

_____

[3] Because this case was tried before January 1, 2013, our old Evidence Code must be applied.

[4] In Clay v. State, 290 Ga. 822, 834 (3) (B) (725 SE2d 260) (2012), which involved the use of prior convictions to impeach a testifying defendant, we espoused the use of the following five factors to perform this balancing: (1) the nature, i.e., impeachment value of the crime; (2) the time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime, so that admitting the prior conviction does not create an unacceptable risk that the jury will consider it as evidence that the defendant committed the crime for which he is on trial; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.

value of the conviction supported by specific facts and circumstances substantially outweighed its prejudicial effect , and, as a result, he has failed to provide any basis for showing that the convictions would have been admissible and that he was harmed by his attorney's failure to introduce them. Mere speculation regarding the admissibility of these convictions does not satisfy Clark's burden of showing prejudice under Strickland.

(c) Clark contends that trial counsel rendered ineffective assistance by not presenting certain evidence at trial. See Chandler v. State, 261 Ga. 402 (405 SE2d 669) (1991). In Chandler, decided under the former Evidence Code of Georgia,[5] this Court created an evidentiary exception to the general rule that evidence of a victim's character is not admissible at trial. Pursuant to this former exception, evidence of specific acts of violence by a victim against third persons could be admitted where a defendant claims a justification defense. At the hearing on his motion for new trial, Clark presented three witnesses, Niquita Hickey, Brandon Hickey, and Brian Malcolm, all of whom provided testimony regarding McNeil's bullying behavior towards third parties. Clark's original trial

---

[5] The Chandler exception is no longer viable under Georgia's new Evidence Code. See Hendrix v. State, 298 Ga. 60, 62 (2) (a) n. 2 (779 SE2d 322) (2015).

counsel, who was subsequently replaced, had filed a notification with the trial court that she intended to call these witnesses. Replacement trial counsel, who Clark now claims was ineffective, informed the trial court, however, that he did not believe that these witnesses would be necessary. Instead, trial counsel focused on prior instances in which McNeil had bullied Clark, himself, rather than unrelated instances involving third parties. This strategy was not unreasonable. Therefore, the claim of ineffective assistance in this regard fails. See, e.g., Jimmerson v. State, 289 Ga. 364, 368 (2) (a) (711 SE2d 660) (2011) ("The fact that [defendant], in hindsight, now questions the efficacy of the chosen defense strategy cannot establish ineffective assistance.")

2. Clark contends that the trial court committed plain error when it did not charge the jury that one who is claiming self-defense has no duty to retreat if he was not the original aggressor. See Alvelo v. State, 290 Ga. 609 (5) (724 SE2d 337) (2012). We disagree.

Because Clark failed to reserve objections to the jury charges, his contention is limited to a plain error analysis. There are four prongs in the test for plain error.

First, there must be an error or defect—some sort of deviation from  a

legal rule—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

(Citations, punctuation, and emphasis omitted.) State v. Kelly, 290 Ga. 29, 33 (718 SE2d 232) (2011). "In a case of a review for 'plain error,' it is not sufficient to find actual legal error, 'as the jury instruction in question must have an obvious defect rather than a merely arguable defect.'" Hoffler v. State, 292 Ga. 537, 542 (4) (739 SE2d 362) ( 2013), *citing* Terry v. State, 291 Ga. 508, 509 (2) (731 SE2d 669 (2012).  In this case,

even assuming arguendo that there was evidence that [Clark] was not the original aggressor and that retreat was indeed in issue, the failure to charge on the lack of duty to retreat does not mandate reversal because [Clark's] defense of self-defense was fairly presented to the jury, and the jury was fully instructed on the law of justification and self-defense. Edmonds v. State, 275 Ga. 450, 453 (4) (569 SE2d 530) (2002).

Hoffler, supra, 292 Ga. at 542-543 (4).

Judgment affirmed. All the Justices concur.

9