301 Ga. 79
FINAL COPY

S17A0183. SMITH v. THE STATE.

MELTON, Presiding Justice.

Following a jury trial, Robert Smith was found guilty of malice murder, felony murder, and other offenses in connection with the shooting death of his friend, Raymond Brewer, Jr.[1] On appeal, Smith contends that the trial court committed plain error in its jury instruction on witness credibility and that the

---

[1] On July 2, 2010, Smith was indicted for malice murder, felony murder predicated on aggravated assault, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. Following an August 23-24, 2011 jury trial, Smith was found guilty on all counts. On August 25, 2011, Smith was sentenced to life imprisonment for malice murder. Although the trial court had announced at sentencing that it would merge the aggravated assault count into the malice murder count for sentencing purposes and that it would sentence Smith to five consecutive years for possession of a firearm during the commission of a felony, the final disposition sheet indicates that the trial court instead merged the possession of a firearm count into the malice murder count for sentencing purposes and sentenced Smith to five consecutive years for aggravated assault. The trial court also purported to merge the felony murder count into the malice murder count for sentencing purposes. Smith filed a motion for new trial on September 23, 2011, which he amended on April 10, 2013. The trial court denied the motion on September 15, 2014. Following the payment of costs, Smith's timely appeal was docketed to the term of this Court beginning in December 2016 and submitted for decision on the briefs.

trial court erred in its jury instruction on self-defense. For the reasons that follow, we affirm in part, vacate in part, and remand for resentencing.

1. Viewed in the light most favorable to the jury's verdict, the record shows that, in the early morning of April 4, 2010, Smith was arguing with Brewer in an apartment that the two men shared with Smith's girlfriend and several other people. According to witnesses, the men were arguing about, among other things, an altercation that had occurred roughly a week before where Brewer had pushed Smith to the ground, causing Smith to get a scratch on his head. While the men were arguing, Smith retrieved a gun from a closet in the apartment, and he threatened to kill Brewer. Smith then walked into the hallway of the apartment where Brewer was standing and shot him several times, killing him.

The evidence was sufficient to enable a rational trier of fact to find Smith guilty of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Although the evidence was sufficient to sustain Smith's convictions, we have discovered an error with respect to the trial court's sentencing of Smith. Specifically, although the trial court announced at sentencing that it

2

would merge the aggravated assault count against Smith into the malice murder count against him for sentencing purposes and that it would sentence Smith to five consecutive years for possession of a firearm during the commission of a felony, in the final disposition sheet the trial court instead merged the possession of a firearm count into the malice murder count for sentencing purposes and sentenced Smith to five consecutive years for aggravated assault. This was error, as "possession of a firearm during the commission of a felony does not merge into [a] conviction for [malice] murder." Jackson v. State, 267 Ga. 130, 130-131 (2) (475 SE2d 637) (1996). "[A]s no merger occurred, [Smith] should have been sentenced on [the possession of a firearm] count." Hulett v. State, 296 Ga. 49, 55 (2) (b) (766 SE2d 1) (2014).[2] Further, because the indictment charged Smith with killing Brewer with malice aforethought by shooting him with a rifle, and with assaulting him with a deadly weapon, a rifle, "the aggravated assault conviction merges into the malice murder conviction, and the sentence imposed for

---

[2] We also note that the trial court's final disposition sheet should have indicated that the felony murder count against Smith was "vacated by operation of law" rather than "merged" into the malice murder count for sentencing purposes. See Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993).

aggravated assault must be vacated." (Citation omitted.) Culpepper v. State, 289 Ga. 736, 738 (2) (a) (715 SE2d 155) (2011). In light of the fact that the aggravated assault count should have merged into the malice murder count and the possession of a firearm during the commission of a felony count should not have been so merged, we remand this case to the trial court for it to resentence Smith on possession of a firearm during the commission of a felony.

3. Smith contends that the trial court committed plain error in its jury charge on witness credibility.[3] In order to satisfy the test for plain error,

> [f]irst, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

(Citations, punctuation and emphasis omitted.) State v. Kelly, 290 Ga. 29, 33

---

[3] Because Smith did not object to this jury charge at trial, our review of this issue is limited to an analysis for plain error. See, e.g., Clark v. State, 299 Ga. 552 (2) (787 SE2d 212) (2016).

(2) (a) (718 SE2d 232) (2011). "In the case of a review for 'plain error,' it is not sufficient to find actual legal error, 'as the jury instruction in question must have an obvious defect rather than a merely arguable defect.'" Hoffler v. State, 292 Ga. 537, 542 (4) (739 SE2d 362) (2013), citing Terry v. State, 291 Ga. 508, 509 (2) (731 SE2d 669) (2012).

> The jury charge in question stated:
>
> In deciding credibility, you may consider all of the facts and circumstances of the case, the manner in which the witnesses testify, their intelligence, their interest or lack of interest in the case, their means and opportunity for knowing the facts about which they testify, the nature of the facts about which they testify, the probability or improbability of their testimony, and the occurrences about which they testify. You may also consider their personal credibility insofar as it may have been shown in your presence and by the evidence.

Smith contends that the charge was erroneous because it included the "intelligence" of the witnesses as a factor that jurors were allowed to consider when evaluating credibility. However, this Court has previously reviewed jury charges where intelligence is given as a factor that may be considered with respect to witness credibility and found no reversible error where, as here, "[t]he court's charge shows that the intelligence factor was not highlighted or singled out; [as intelligence] was [just] one of several factors which could be

5

considered." Ward v. State, 239 Ga. 205, 206 (3) (236 SE2d 365) (1977). Indeed, "even assuming that the better practice is to omit intelligence as one of the factors in the credibility charge, its inclusion is not reversible error" under the circumstances presented here. Howard v. State, 288 Ga. 741, 747 (6) (707 SE2d 80) (2011). "[W]e find no reversible error, much less any 'plain error,'" in the jury instruction given by the trial court. Id. at 746 (6).

4. While Smith did not object to the trial court's jury instruction on witness credibility, he did in fact object to the court's jury instruction on the doctrine of reasonable beliefs and revenge for a prior wrong as those concepts relate to self-defense.[4] He claims that, while such a charge was an accurate

---

[4] The trial court charged the jury in relevant part:

> In applying the law of self-defense, a defendant is justified to kill or use force against another person in defense of self. The standard is whether the circumstances were such that they would excite not merely the fears of the Defendant but the fears of a reasonable person. For the killing or use of force to be justified under the law, the accused must truly have acted under the influence of these fears and not in a spirit of revenge.
>
> . . .
>
> [A] person has the right to defend himself, but a person is not justified in deliberately assaulting another person solely in revenge for a past or previous wrong, regardless of how serious the past or previous wrong might have been, when the episode involving the previous wrong has ended. Such person is not justified by acting out of revenge by deliberately seeking out and assaulting the

6

statement of law, the charge was nevertheless inappropriate, as there was no evidence that Smith may have shot Brewer out of a sense of revenge for a prior wrong. However, Smith's assertion is belied by the record, as the evidence presented at trial showed that, just before Smith retrieved a gun to shoot and kill Brewer, the two men were specifically arguing about an incident from the prior week where Brewer had pushed Smith to the ground. Because some evidence supports the theory that Smith may have shot Brewer out of revenge for the prior incident between the two men, we find no error from the giving of this charge. See Hicks v. State, 287 Ga. 260, 262 (2) (695 SE2d 195) (2010) ("To authorize a requested jury instruction, there need only be slight evidence supporting the theory of the charge") (citation omitted); Rector v. State, 285 Ga. 714 (5) (681 SE2d 157) (2009) (charge stating that a person was not justified in seeking out and assaulting alleged wrongdoer for purposes of revenge was properly given, as it was an accurate statement of law that was adjusted to the facts of the case).

Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.

---

alleged wrongdoer.

Decided May 1, 2017.

Murder. Fulton Superior Court. Before Judge Russell.

Christopher R. Geel, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Lyndsey H. Rudder, Arthur C. Walton, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.