321 Ga. 177
FINAL COPY

S24A1234. HILL v. THE STATE.

BETHEL, Justice.

Terrance Hill was convicted of felony murder and other crimes in connection with the shooting death of Gloria Starr Armour.[1] On appeal, Hill raises two enumerations of error. First, Hill argues that the trial court committed plain error by failing to instruct the jury that the defense of justification is available to convicted felons in

---

[1] The crimes occurred on July 25, 2016. On May 5, 2017, a Fulton County grand jury jointly indicted Hill, his brother Devonte Lashawn Hill, and Joslyn McQueary. Hill was indicted for three counts of felony murder (with Count 1 predicated on the aggravated assault with a deadly weapon of Armour; Count 2 predicated on criminal damage to property in the first degree; and Count 3 predicated on possession of a firearm by a convicted felon), four counts of aggravated assault (Counts 5-8), two counts of criminal damage to property in the first degree (Counts 9-10), possession of a firearm by a convicted felon (Count 13), and possession of a firearm during the commission of a felony (Count 14). After a separate jury trial in November 2022, Hill was convicted of all counts. The court sentenced Hill to serve life in prison without the possibility of parole on Count 1, 20 years consecutive on Counts 6-8, ten years consecutive on Counts 9, 10, and 13, and five years consecutive on Count 14. The remaining counts were either merged or vacated by operation of law.

Hill filed a timely motion for new trial on November 21, 2022, which was amended several times. Following a hearing on January 30, 2024, the trial court denied the amended motion on February 21, 2024. Hill then filed a timely notice of appeal, and his case was docketed to the August 2024 term of this Court and submitted for a decision on the briefs.

possession of a firearm. Hill also argues that his trial counsel rendered constitutionally ineffective assistance by failing to obtain a ruling on his request for this instruction. For the reasons that follow, we affirm.

1. The evidence presented at trial showed the following. On the night of the crimes, Hill and co-indictees Devonte Lashawn Hill ("Devonte") and Joslyn McQueary, while traveling in the same vehicle, engaged in a shootout with Keaira Dell and Demetrius Lukerson, who occupied a second vehicle, firing guns from their respective vehicles while driving on public roads. Armour, who was traveling in a third vehicle, which happened to be in the vicinity of the shootout, was struck in the chest by a projectile and died from that wound. Following an investigation by law enforcement, Hill, Devonte, and McQueary were arrested and charged in connection with Armour's death.

Hill was tried alone before a jury, and the only contested issues at trial were whether he engaged in the shootout at all and whether he acted in self-defense. Testifying in his own defense, Hill claimed

that about a month before the incident, Lukerson shot out the back window of Hill's car. On the night of the shootout that killed Armour, Hill admitted that he was driving one of the vehicles involved, but he denied being armed or firing a weapon during the crimes. Hill testified that the first shots came from Lukerson's vehicle and that, though Hill tried to escape, Lukerson pursued him while continuing to fire his weapon at Hill's vehicle. Hill testified that Devonte returned fire with a Glock 19 before Lukerson crashed his vehicle.

During Hill's cross-examination, the State introduced into evidence a certified copy of Hill's prior felony conviction. The State also introduced witness testimony and other forensic evidence supporting its theory that Hill shot at Lukerson's vehicle during the gun battle.

2. In his first enumeration of error, Hill argues that the trial court committed plain error when charging the jury on the defense of justification because, he says, the charge as given failed to expressly instruct the jury that felons, like Hill, who are otherwise prohibited from possessing a firearm may nevertheless use a firearm

3

in self-defense. Relevant to this claim of error, the record reflects that, at the charge conference, the parties indicated their agreement to the trial court's giving the pattern instruction on justification. Pointing to prior decisions of this Court cited in the notes at the end of the pattern instruction, Hill asked that the trial court specifically instruct "that justification . . . can be applied to what would otherwise be prohibited such as felon in possession of a firearm, which is an accurate state of the law, and it would be tailored to this case." The State countered that the pattern charge was sufficient and that nothing in the pattern charge indicated that a convicted felon may not claim self-defense. The court did not expressly rule on the issue but rather took it under advisement.

The next day, before the trial court charged the jury, Hill did not bring the issue of the justification charge to the court's attention. The court subsequently charged the jury that "[a] person commits the offense of possession of a firearm by a convicted felon when that person possesses a firearm after having been convicted of a felony" and that, with respect to felony murder, "possession of a firearm by

4

a convicted felon [is a felony]." Later, the trial court gave a detailed

instruction on justification, which followed the suggested pattern

jury instructions:

> The defendant has raised a defense that even if he committed the act described in the indictment, there are circumstances that justify or excuse it. Once this defense is raised, the State must disprove it beyond a reasonable doubt.
>
> The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed when the person's conduct is justified under OCGA § 16-3-21, which is use of force in defense of self or others, or OCGA § 16-3-23, which is use of force in defense of habitation.
>
> Ladies and gentlemen, sometimes a defendant's threat or use of force is legally justified and so is not a crime. A defendant is justified in using force that is intended or likely to cause death or serious bodily injury when he reasonably believes that the use of such force is necessary to prevent death or serious bodily injury to himself, herself, or a third person.
>
> The State has the burden of proving beyond a reasonable doubt that the defendant's actions were not justified. If you decide the defendant's actions were justified, then it would be your duty to find the defendant not guilty.
>
> A defendant is not justified in threatening or using force if he provokes the threat or use of force against himself; intending to use that threat or force as an excuse to harm the other person; is committing and/or fleeing after committing a felony (aggravated assault with a deadly weapon and criminal damage in the first degree

5

are felonies which the Court has previously defined for you); or is the initial aggressor unless he withdraws from the encounter and clearly communicates to the other person his intent to withdraw and the other person continues or threatens to continue the use of unlawful force.

Sometimes a defendant's threat or use of force is legally justified and so is not a crime. A defendant is justified in threatening or using force against another when he reasonably believes that the threat or use of force is necessary to prevent or stop the other person from making an attack on a motor vehicle. A defendant is justified in using force against another that is intended or likely to cause death or serious bodily injury when the other person attacks in a violent and tumultuous manner or the defendant reasonably believes the attack is being made to assault someone in a motor vehicle, or the defendant also reasonably believes that the use of such force is necessary to prevent or stop the assault.

The State has the burden of proving beyond a reasonable doubt that the defendant's actions were not justified. If you decide the defendant's actions were justified, then it would be your duty to find the defendant not guilty.

Under the principle of transferred justification, no guilt attaches if an accused is justified in shooting to repel an assault but misses and kills an innocent bystander. The principle of transferred justification does not apply if the accused shot carelessly and in reckless and wanton disregard of the danger resulting to the bystander.

For the defendant's threat or use of force to be justified, the defendant must believe that his or her threat or use of force is necessary[,] . . . and the defendant's reasonable belief must be what prompts him or her to threaten or use force.

Hill did not object to the instruction.

During deliberations, the jury submitted three questions to the court, including one that Hill flags on appeal: "If gun is within arm's reach, can felon [sic] use firearm in self-defense?" In response, the court instructed the jury,

> You are to rely on your memory of the evidence that you heard and with respect to any of your legal questions that are contained in these three questions, you have to rely on the law that I charge to you which you have back there with you; all right?

Hill did not object to the trial court's response to the jury's question.

Now, on appeal, Hill argues that the trial court erred by omitting from the justification instruction language that expressly acknowledges that a justification defense is available to a felon who generally is prohibited from possessing a firearm, but who asserts that he was permitted to use a firearm for the duration of an act of alleged self-defense. Though Hill raised this issue at the charge conference, the trial court implicitly denied Hill's requested charge when it instructed the jury on justification without including the

7

specifically requested language. Cf. *Perkins v. State*, 313 Ga. 885, 895 (3) (873 SE2d 185) (2022) (noting that court implicitly denied defendants' motion for a mistrial where defendants so moved and the trial court adjourned for the day and took the matter under advisement before ultimately giving a curative instruction the following day). Hill did not renew his objection to the instruction after the jury was charged, and so we review the jury instruction given only for plain error. See *Rawls v. State*, 310 Ga. 209, 218 (4) (850 SE2d 90) (2020); *Collins v. State*, 308 Ga. 515, 519 (2) (842 SE2d 275) (2020) ("[A]n objection made at the charge conference does not by itself preserve an objection to an instruction as subsequently given[.]").

To prevail on plain-error review, an appellant must show that the alleged instructional error "was not affirmatively waived; was clear and obvious, rather than subject to reasonable dispute; likely affected the outcome of the trial; and seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Clark v. State*, 315 Ga. 423, 440 (4) (883 SE2d 317) (2023) (citation and

punctuation omitted). As we have emphasized before, the appellant squarely bears the burden of satisfying the exacting standard required by plain-error review, a task that "is difficult, as it should be." Id. (citation and punctuation omitted). To that end, it is not enough in the plain-error context for an appellant to demonstrate that a trial court committed "actual legal error" in charging the jury; rather, "the jury instruction in question must have an obvious defect rather than a merely arguable defect." *Smith v. State*, 301 Ga. 79, 81 (3) (799 SE2d 762) (2017) (citation and punctuation omitted). This means that, to show clear and obvious error, an appellant must cite to on-point controlling authority or to the "unequivocally clear words of a statute or rule" that plainly establish that the trial court erred. *Stewart v. State*, 311 Ga. 471, 476 (1) (b) (858 SE2d 456) (2021) (citation and punctuation omitted).

Hill's claim of instructional error is predicated on this Court's decisions in *Johnson v. State*, 308 Ga. 141 (839 SE2d 521) (2020), and *Floyd v. State*, 318 Ga. 312 (898 SE2d 431) (2024). As Hill understands these cases, *Johnson* and *Floyd*, taken together,

9

"clearly and obviously require" a trial court to expressly charge the jury that a justification defense is available to a felon who uses a firearm in self-defense. We conclude, however, that neither *Johnson* nor *Floyd*, even when considered in tandem, directly resolves Hill's claim of instructional error. Accordingly, while we agree that the court's failure to instruct the jury on this issue was likely legal error, it was not obviously so, and, therefore, Hill has failed to establish plain error.

In *Johnson*, we reviewed the trial court's order denying a motion for pretrial immunity on the basis that the defendant, a convicted felon who was generally forbidden to possess a firearm, was precluded as a matter of law from claiming that a shooting was a justified use of force in self-defense. We recognized in *Johnson* that, though justification is generally not available as a defense to someone who commits a crime while otherwise engaged in the commission of a felony, see OCGA § 16-3-21 (b) (2), the interplay between OCGA §§ 16-3-21 (b) (2) and 16-11-138 creates the following rule of law:

A person is justified in threatening or using force against another, or in engaging in conduct that is otherwise prohibited under Title 16, Chapter 11, Article 4, Part 3 of the Code, when and to the extent that he or she reasonably believes that such threat or force or conduct otherwise prohibited under Title 16, Chapter 11, Article 4, Part 3 is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force.

*Johnson*, 308 Ga. at 145 (citation, punctuation and emphasis omitted). In other words, a felon, whose possession of a firearm is *unlawful*, may nevertheless *lawfully* possess a firearm for the purpose of defending himself or others and for the limited duration of that protective act. So, depending on the circumstances of a particular case, justification can be a defense to a felon's possession of a firearm and in his use or threat of force employed in defense of himself or others. See id. at 145-146. See also *State v. Remy*, 308 Ga. 296, 300 (3) (b) (840 SE2d 385) (2020). In sum, *Johnson* recognized that a felon who possesses a gun is not categorically barred from raising a justification defense and he may avail himself of the defense with respect to a charge of felon-in-possession and felony murder predicated on such an offense.

And in *Floyd*,[2] we decided, in the context of a claim of ineffective assistance, that trial counsel was deficient under *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), for failing to understand the law governing a convicted felon's statutory right to use a firearm in self-defense, which resulted in counsel's failure "to ensure that the jury knew — either through an explicit instruction on OCGA § 16-11-138 or through clear argument — that [the appellant] had an absolute defense to felony murder predicated on felon-in-possession if the jury believed that the shooting was in self-defense." *Floyd*, 318 Ga. at 321 (2) (a). In that case, justification was the appellant's sole defense, and, accordingly, the jury was instructed on justification generally and was also instructed that justification is a defense to any crime arising from such conduct. But during deliberations, the jury submitted to the trial court two questions about the interplay

---

[2] We note that the opinion in *Floyd* came after trial in this case, but "whether an error is clear or obvious is judged at the time of the appellate court's review." *Lyman v. State*, 301 Ga. 312, 317 (2) (800 SE2d 333) (2017) (citation and punctuation omitted).

12

between a justification defense and possession of a firearm by a convicted felon. The trial court responded — with trial counsel's agreement — that the issue was for the jury to decide which, as we noted, "did nothing to clarify the jury's confusion." Id. at 322 (2) (a). Our ultimate conclusion that trial counsel performed deficiently was rooted in counsel's agreement with the trial court's "non-answer," coupled with counsel's prior failure to clearly explain in closing arguments that a felon-in-possession could avail himself of a justification defense. See id. at 318-323 (2) (a).

Returning to the case at hand, Hill's claim of plain error is premised solely on the trial court's failure to charge the jury at the outset using the language he requested.[3] But neither *Johnson* nor *Floyd* addresses, let alone answers, whether a trial court must always include such language in its jury instruction on justification,

_____

[3] Hill does not enumerate as error the trial court's response to the jury's question that expressed confusion about the application of a justification defense to felon-in-possession, so we do not separately review that issue for error here. See *White v. State*, 291 Ga. 7, 8 (2) (727 SE2d 109) (2012) ("An appellate court is required to review for plain error an alleged jury instruction error to which no objection was raised at trial, *provided the enumeration of error is properly enumerated and argued on appeal*." (emphasis supplied)).

13

nor are we aware of any controlling authority requiring such an instruction. Instead, *Johnson* held that a felon-in-possession is not categorically barred from raising a justification defense — a holding that the trial court faithfully applied in this case. And *Floyd*, which held that trial counsel was deficient in that case by failing to ensure that the jury understood that a felon who is otherwise prohibited from possessing a firearm may nevertheless be justified in using a firearm in self-defense, did not concern a claim of trial court error and does not squarely resolve the issue Hill raises in this case.

To be sure, it is a fair inferential step from *Floyd* and *Johnson* to conclude that when a felon who is prohibited from possessing a firearm requests an express instruction indicating that, despite his status, he may still claim self-defense, trial counsel should assist the defendant in securing that instruction and the trial court should give it. Indeed, we are hard-pressed to conceive of any reason why a trial court would decline to give an instruction on this nuanced issue of law, which is likely foreign to the average juror, and the trial court here likely erred in failing to give such a charge when it was first

14

requested. But because neither *Johnson* nor *Floyd* expressly held that such an instruction was required, any such error was ordinary rather than clear and obvious, as "[a]n error cannot be plain where there is no controlling authority on point or if a defendant's theory requires the extension of precedent." *Williams v. State*, 316 Ga. 304, 308 (1) (b) (888 SE2d 60) (2023) (citation and punctuation omitted). See also *Stripling v. State*, 304 Ga. 131, 136 (2) (816 SE2d 663) (2018) (declining to find plain error in failure to give accomplice-corroboration charge where appellant cited no precedent requiring such an instruction under comparable circumstances to that case). Accordingly, we cannot conclude that the trial court committed clear and obvious error in this case by failing to expressly instruct the jury at the outset that a felon prohibited from possessing a firearm may use a firearm in self-defense, and Hill's claim fails at the second prong of plain-error review.[4] See *Williams*, 316 Ga. at 310 (1) (b) ("We need not analyze all four prongs because the appellant has

---

[4] Of course, in light of our decision here, trial courts would be well served to give such an instruction moving forward, where warranted, or risk reversal on appeal.

failed to establish that the trial court clearly or obviously erred[.]" (citation and punctuation omitted)).

3. Relatedly, Hill argues that trial counsel performed deficiently by failing to obtain a ruling on the requested charge after the trial court initially took the matter under advisement and that he received constitutionally ineffective assistance as a result. To prevail on this claim, Hill must show that counsel's performance was deficient and that his defense was prejudiced by counsel's performance. See *Strickland*, 466 U. S. at 687 (III). To show deficient performance, Hill "must demonstrate that counsel performed counsel's duties in an objectively unreasonable way, considering all of the circumstances and in the light of prevailing professional norms." *Payne v. State*, 314 Ga. 322, 328-329 (3) (877 SE2d 202) (2022). And to establish prejudice, Hill "must show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Id. at 329 (3) (citation and punctuation omitted). "If [a defendant] fails to establish one of these two prongs, we need not examine the other."

Id. (citation and punctuation omitted).

As we noted above in Division 2, Hill did, in fact, obtain an implicit ruling on the requested charge. Accordingly, trial counsel's alleged failure to obtain such a ruling cannot serve as the basis for his claim.[5] See *Blount v. State*, 303 Ga. 608, 612 (2) (e) (814 SE2d 372) (2018) (no deficient performance where, despite appellant's contention otherwise, counsel did object).

*Judgment affirmed. All the Justices concur.*


WARREN, Justice, concurring.

I concur fully in the majority opinion and write separately to highlight the import of its conclusion that the trial court likely erred by denying Hill's request for the jury to be instructed that justification "can be applied to what would otherwise be prohibited such as felon in possession of a firearm." Maj. Op. at 179, 182. The

---

[5] Whether trial counsel should have re-requested the additional clarifying language when the jury submitted its question about a felon's use of a firearm in self-defense is a separate question not enumerated or argued by Hill in connection with his ineffective assistance of counsel claim.

importance of that conclusion is presented as a cautionary note: "in light of our decision here, trial courts would be well served to give such an instruction moving forward, where warranted, or risk reversal on appeal." Maj. Op. at ___ n.4. I agree with the majority opinion in this regard. And to put an even finer point on it, whatever was unclear in our case law before is clear now: when at least slight evidence of justification has been presented at a defendant's trial, that defendant is a felon and is charged with possessing a firearm as a felon, and that defendant requests a tailored instruction explaining that a felon may legally possess a firearm for the duration of an act of self-defense or defense of others, the trial court should give such an instruction. Failure to do so may constitute ordinary error — as it likely did here — and may even constitute the clear and obvious error necessary to establish plain error under that standard of review.

I am authorized to state that Justice McMillian and Justice Colvin join in this concurrence.

Decided March 4, 2025.

Murder. Fulton Superior Court. Before Judge Leftridge.

*Dillon McConnell*, for appellant.

*Fani T. Willis, District Attorney, Kevin C. Armstrong, Charles A. Jones, Jr., Mario A. Kladis, Assistant District Attorneys; Christopher M. Carr, Attorney General, Beth A. Burton, Deputy Attorney General, Meghan H. Hill, Clint C. Malcolm, Senior Assistant Attorneys General, Virginia D. Frazier, Assistant Attorney General*, for appellee.